J-S50032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JANEWAY TOWING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CREDIT CONNECTION AUTO SALES | : | No. 3175 EDA 2016 |

Appeal from the Order September 7, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 11-02715

BEFORE:   PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                **FILED SEPTEMBER 14, 2017**

Appellant, Janeway Towing, appeals from the September 7, 2016 order terminating Appellant's case against Appellee, Credit Connection Auto Sales, due to inactivity.  We affirm.

The relevant facts and procedural history are as follows.  Appellant filed suit against Appellee, seeking to collect charges allegedly owed to Appellant related to the towing and storage of a car owned by Appellee. Trial Ct. Op. (TCO), 1/23/2016, at 2.  In January 2011, the magisterial district court entered a judgment of zero dollars in Appellant's favor. Appellant timely filed an appeal to the Court of Common Pleas in Montgomery County.

In February 2011, Appellant filed a complaint claiming that Appellant owed $5,547.50 for charges incurred while towing and storing Appellee's car, plus costs and attorney's fees.  *See*  Pl. Compl., 2/28/2011, at ¶¶ 4-5;

Exhibit "A", Invoice, 1/1/2010.

In March 2011, Appellee filed an answer, new matter, and counterclaim (collectively "Answer") denying the allegations and liability for charges, stating that it was never notified of the towing because the notice was sent to the wrong address. *See* Def. Ans., 3/28/2011, at ¶ 4. Appellee averred that as lessor of the vehicle, it is not responsible for towing fees, for which the lessee would be solely responsible. *See id.* at ¶¶ 6-9. In a counterclaim, Appellee alleged that Appellant converted the vehicle for its own use, applied for an abandoned vehicle title, and attempted to sell the vehicle for salvage without notifying Appellee of its abandoned status. *See id.* at ¶¶ 17-20. According to Appellee, Appellant's conduct was extreme and outrageous, and the lawsuit to collect these charges was "arbitrary, vexatious or filed in bad faith[.]" *Id.* at ¶ 19. Thereafter, Appellant filed an answer effectively denying all of Appellee's averments. *See* Pl. Reply to New Matter and Answer to Counterclaim, at ¶¶ 6-23.

On August 13, 2013, Appellee sent notice of proposed termination of the case pursuant to Pa.R.C.P. 230.2. On August 19, 2013, Appellant filed a statement of notice of intention to proceed in the matter.

More than two years passed without any docket activity. On April 5, 2016, the prothonotary docketed a notice of proposed termination of the case pursuant to local rule 1901. On April 12, 2016, Appellant filed a second statement of intent to proceed.

On June 22, 2016, the trial court scheduled a case

management/settlement conference for August 4, 2016. **See** TCO at 4. Notice of the conference was docketed and sent to the parties electronically pursuant to local rules. Under the terms of the case management order, "[f]ailure to appear or otherwise comply with the provisions of this Order shall result in the imposition of sanctions, which may include the entry of a judgment of *non-pros* or an order of preclusion." Order, 6/22/2016.

On August 4, 2016, Appellant failed to appear as required by the case management order. Thereafter, on August 10, 2016, the court entered a rule to show cause as to why the case should not be dismissed. **See** Order, 8/10/2016. On August 30, 2016, Appellant untimely filed a pre-trial statement asserting in part that counsel had not received notice in this case. **See** Pre-trial Statement, 8/30/2016. In September 2016, a hearing was held, at which the trial court found unsatisfactory Appellant's explanation for failing to appear at the conference and orally dismissed the case. Notes of Testimony (N.T.), 9/2/2016, at 13; **see also** Order, 9/7/2016.

On October 7, 2016, Appellant simultaneously filed a motion for reconsideration and timely notice of appeal.[1] Thereafter, Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion. On appeal, Appellant raises the following issue:

---

[1] **See** Pa.R.A.P. 108(a)(1) (day of entry of an order shall be the day the clerk or court mails or delivers copies of the order to the parties).

1. Did [Appellant] present enough evidence to rebut the presumption that [Appellant] received notice when the court has two systems to send notice but both parties did not receive notice?

Appellant's Br. at 3.

Appellant contends that the trial court did not send proper notice of the case management conference. *See* Appellant's Br. at 5. The docket indicates that neither party filed a pre-trial statement in compliance with the case management order. According to Appellant, this demonstrates that neither party received the order. Thus, Appellant argues that the court erred when it found that notice was properly sent.

Preliminarily, we note that Appellant risks waiver of his one-page argument due to lack of development. *See* Pa.R.A.P. 302, 2101. Appellant fails to explain the relevance of cited caselaw and does not apply the caselaw to the facts. *See* Appellant's Br. at 5. Nevertheless, we note that Appellant relies on cases that applied the mailbox rule. *See Berkowitz v. Mayflower*, 317 A.2d 584, 585 (Pa. 1974); *Breza v. Don Farr Moving & Storage Co.*, 828 A.2d 1131, 1135 (Pa. Super. 2003). Under the mailbox rule, proof of mailing "creates a rebuttable presumption [that it] was in fact received." *Berkowitz*, 317 A.2d at 585. "[T]he presumption under the mailbox rule is not nullified solely by testimony denying receipt of the item mailed." *Breza*, 828 A.2d at 1135. In both of these cases, competent evidence of proof of mailing raised the presumption that the item was received and the denial of receipt was insufficient to overcome the

presumption.  *See **Berkowitz***, 317 A.2d at 385; ***Breza***, 828 A.2d at 1135.

Essentially, Appellant challenges the sufficiency of the evidence to support the trial court's factual finding that notice was properly sent via email notification.  As Appellant raises an issue of fact, our scope of review is limited to determining whether the trial court's factual findings are supported by competent evidence, and they will not be disturbed absent an error of law or an abuse of discretion.  ***Breza***, 828 A.2d at 1134 (citing ***Roman Mosaic and Tile Co. v. Thomas P. Carney, Inc.***, 729 A.2d 73, 76) (Pa. Super. 1999).  Moreover, it is not the role of the appellate court to determine the credibility of the witnesses and weigh their testimony, but rather credibility determinations are within the province of the trial judge. ***Roman Mosaic***, 729 A.2d at 76 (citing ***Allegheny County v. Monzo***, 500 A.2d 1096 (Pa. 1985)).  Where there is sufficient evidence in the record to support the trial court's factual conclusions, "we are precluded from overturning that finding and must affirm, thereby paying the proper deference to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility."  ***Id.*** (quoting ***DOT v. O'Connell***, 555 A.3d 873, 875 (Pa. 1989)).

At the hearing on the rule to show cause, the trial court confirmed that notice of the case management conference scheduled for August 4, 2016, was docketed and sent electronically on June 22, 2016, to the email address

of Appellant's counsel, lawobrien@aol.com. **See** TCO at 5. Further, Appellant's counsel acknowledged that he is an e-filer and assented to receipt of notice in this manner. **See id.** The trial court found Appellant's denial of receipt not credible, and found that Appellant's confusion was based on his misunderstanding of e-filing. **See id.** (citing N.T. at 9). The court concluded that the electronic notice was received based on evidence that it was sent; however, Appellant's counsel failed to click on the link in the email in order to access the case management order until after the court issued the rule to show cause. **See** TCO at 6. The trial court's findings are supported by the record.

Appellant complains of "confusion when the Court uses both the US mail and Email." Appellant's Br. at 5. However, at the rule to show cause hearing, Appellant admitted he was an e-filer, and he failed to recognize that the local rules authorize service electronically in this manner. Here, notice was sent electronically in a manner that conformed with local and state rules. **See** Mont. Co. R.J.L. 1901(b) (governing termination of inactive cases); **id.** at 1901(c) (authorizing service of notice by mail or electronic transmission pursuant to Pa.R.C.P. 205.4(g) (authorizing service of all legal process other than original process by electronic transmission)). Under Pennsylvania Rule of Civil Procedure 205.4(g), service by electronic transmission is acceptable procedure; service is completed when the court sends a filing to the recipient's email address or "to an electronic filing

system website and an e-mail message is sent to the recipient by the electronic filing system that the legal paper has been filed and is available for review on the system's website." Pa.R.C.P. 205.4(g)(2)(i)-(ii).

Appellant failed to rebut the presumption raised by the evidence presented at the rule to show cause hearing that notice was properly sent in accordance with local rules. We defer to the trial court's factual findings and credibility determinations as they are supported by the record. *See O'Connell*, 555 A.3d at 875. We discern no abuse of the trial court's discretion in dismissing the case.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2017